## KEMP *v.* GOOD TEMPLARS' MUT. BEN. ASS'N.

*(Supreme Court, General Term, Fifth Department.   June 23, 1892.)*

LIFE INSURANCE—FALSE REPRESENTATIONS—WARRANTIES.

Under a provision in an application for insurance making representations, whether known to be false or not, warranties, a statement, to the best of applicant's belief, that no company had refused him a policy, when in fact a policy had been refused, will defeat the policy.

Exceptions from circuit court, Allegany county.

Action by Oliver M. Kemp, executor of Samuel C. Kemp, deceased, against the Good Templars' Mutual Benefit Association for life insurance.  Verdict was directed for defendant, and plaintiff moves for a new trial on exceptions ordered to be heard in the first instance at the general term.  Denied.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Clarence A. Farnum,* for plaintiff.  *R. E. White,* for defendant.

MACOMBER, J.   This action was brought to recover upon two certificates or policies of insurance issued by the defendant to Samuel C. Kemp, deceased. The answer alleged a forfeiture of the contract of insurance in three respects, only one of which, however, was urged upon the trial, and which alone can be considered upon this appeal  That defense relates to a false warranty made by the assured in respect to the rejection, by another insurance company, of an application made by him for insurance.  The question which was asked and answered in the application was:  "Has any life insurance company declined to grant a policy on your life; and, if so, why? *Answer.* No."  The contract of the insured was as follows:  "I, Samuel C. Kemp, do hereby make application for membership in the Good Templars' Mutual Benefit Association of the state of New York, and agree to comply strictly with the laws and regulations of such association; and I do hereby consent and agree that, in case the by-laws are amended in any manner, such amendment shall have the same effect upon my membership and certificates as upon members admitted after such amendment.  I hereby declare that the statements hereinafter subscribed to by me are each and every one true, to the best of my knowledge and belief, and are deemed to be and are warranties upon my part," etc.  It is shown by satisfactory and uncontradicted evidence that in the year 1888, two years prior to the application of the insured for the policy issued by the defendant, he made an application to the National Benefit Association, which was rejected.  A false warranty of a material fact has been uniformly held by the courts to be sufficient to render void a policy of insurance, whether the statement was made through mistake or design.  It is obvious that the representation made by the answer to the question above quoted was calculated to, and doubtless did, influence, to some extent, the action of the defendant in issuing its policy.  Had the truth been stated, namely, that an application for insurance had been made to the National Benefit Society, and rejected, we cannot say that the defendant would have been uninfluenced by such fact, and still have issued the policy in question. Every reasonable intendment would lead to the contrary result.  When this proof appeared, and was not disputed, the question became one of law, and not one of fact, and hence it was the duty of the court to dispose of it accordingly.  *McCollum* v. *Insurance Co.*, (Sup.) 8 N. Y. Supp. 249, affirmed 124 N. Y. 642, 27 N. E. Rep. 412; *Edington* v. *Insurance Co.*, 77 N. Y. 572, 100 N. Y. 538, 3 N. E. Rep. 315; *Dwight* v. *Insurance Co.*, 103 N. Y. 342, 8 N. E. Rep. 654.

But the counsel for the plaintiff argues that the insured did not positively represent that an application for life insurance had not been declined by any other company, but only that no company had refused to insure him, "to the best of his knowledge and belief;" and he relies upon the case of *Clapp* v. *Association*, 146 Mass. 529, 16 N. E. Rep. 433; but, upon an inspection of that case, it is seen that the authority is not applicable to the terms contained in this contract. In the case before us there is no qualification of the warranty. It may well, indeed, be urged that the insured did not, in answering this question, intend to speak beyond the best of his knowledge and belief, so far as any claim of fraud might be alleged against him; and for the purpose of this appeal it may be conceded that the insured did not, in fact, know that his application had been rejected; yet no recovery can be had upon this policy, for the reason that, by another clause thereof, this representation, whether he knew it to be false or not, was made a warranty on his part. This removes the case entirely from the doctrine claimed for the case of *Clapp* v. *Association, supra*, for there the warranty was only upon the best knowledge and belief of the assured. In the case of this appeal, the warranty and qualification of the representations are in distinct clauses. It is an elementary doctrine that, where an action is brought for a breach of warranty, the *scienter* need not be either alleged or proven. It is sufficient if the warranty is shown, together with the breach thereof. For these reasons we think that the learned justice, upon the trial, was correct in directing a verdict for the defendant upon the ground already stated by us. *Clemans* v. *Supreme Assembly*, (N. Y. App.) 30 N. E. Rep. 496. Nevertheless, in view of the expression contained in the policy, that each of the statements therein was true to the best of the knowledge and belief of the assured, the court, on application of the plaintiff's counsel, ruled that the plaintiff might show that the insured did not know or believe that he had been rejected as a subject for life insurance by any other company. This proof was not forthcoming, and its effect, therefore, if given, need not be a subject of comment upon this appeal. We place our decision upon the ground that the contract was one of warranty, and it matters not whether the insured did or did not know that his application to another company had been, in fact, rejected.

It may, however, not be improper to say that the evidence, bringing such knowledge home to the insured but shortly after the time of such application, is very satisfactory, and that, had the jury rendered a verdict contrary to such evidence, it would have been the duty of the circuit to set it aside, as not supported by the case. It was shown that the doctor who filled out the application to the National Benefit Society of New York, and witnessed the same, received, as a preliminary deposit, the sum of $15 from the assured, as appears from his books of account; that, when the proper officers of that company returned the application rejected, the doctor repaid, as is shown by his books, $14 of such money to the assured, retaining $1 for his examination fee. It is true that this witness said upon the trial that he had no personal recollection of the matter, either of preparing the application or of receiving back the notification of its rejection, or of turning over the $14 to the assured; but the evidence is all in writing, and enables the doctor to swear positively, not only that the application was made and rejected, but that the fact of such rejection was brought home to the knowledge of the assured, in the manner stated. We are of the opinion, therefore, that the exceptions taken by the plaintiff should be overruled, and judgment ordered for the defendant on the verdict. Plaintiff's motion for a new trial denied, and judgment ordered for the defendant on the verdict. All concur.