BRIDGET ALDEN, Respondent, v. THE SUPREME TENT OF THE KNIGHTS OF THE MACCABEES OF THE WORLD, Appellant.

1. INSURANCE (LIFE) — FRATERNAL BENEFICIARY SOCIETIES — WHEN LIFE INSURANCE COMPANIES, WITHIN MEANING OF QUESTION, "HAVE YOU EVER BEEN REJECTED BY ANY LIFE INSURANCE COMPANY OR ASSOCIATION?"   Under the General Insurance Law (L. 1892, ch. 690, art. 7) a "fraternal beneficiary society," incorporated under the laws of a foreign state and conducting a life insurance business on the co-operative or assessment plan, and requiring by its constitution and by-laws applicants for membership to pass a medical examination upon the result of which admission

depends, is a life insurance company or association within the meaning of
the question, "Have you ever been rejected by any life insurance com-
pany or association?" propounded in a written application for member-
ship, and where an applicant for admission to one division or tent of such
society, who had previously been rejected by another division or tent of
the same society upon medical examination, which rejection was known
to him, answered "no" to such question, the answer is untruthful and
fraudulent and avoids the certificate of insurance issued to such appli-
cant, where he stipulated in his application therefor that any untruthful
or fraudulent answers should vitiate the certificate and forfeit all payments
made thereon.

2. APPEAL — UPON APPEAL FROM JUDGMENT ENTERED ON VERDICT
DIRECTED BY COURT, APPELLATE DIVISION HAS NO POWER TO REVIEW
RULING OF TRIAL COURT EXCLUDING EVIDENCE TO WHICH NO EXCEP-
TION WAS TAKEN.  Where in an action brought upon such certificate,
tried before a jury, the plaintiff sought to avoid the effect of the false
answer by proof that the deceased made the application upon which
the certificate was issued on the advice and by the instruction of one
of the general officers of the society, who instructed the deceased to
answer as he did, which proof was excluded by the trial court, to which
ruling no exception was taken, and the plaintiff, without making a
motion for a new trial, appealed from the judgment entered against her
upon a verdict directed by the court, the Appellate Division, although
claiming to act under its general supervisory power, has no authority to
review the ruling of the trial court excluding such evidence; the appeal
having been taken under the statute (Code Civ. Pro. § 1346, subd. 2) solely
from the judgment, the Appellate Division has power only to review
questions of law, and they can be raised only by exceptions taken at the
trial.

*Alden* v. *Knights of Maccabees*, 78 App. Div. 18, reversed.

(Argued May 2, 1904; decided June 3, 1904.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 26, 1902, reversing a judgment in favor of defend-
ant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*James L. Quackenbush* and *Franklin Kennedy* for appel-
lant.  An untrue misrepresentation if material avoids a cer-
tificate of insurance whether made intentionally or through
mistake or in good faith and the Appellate Division erred in

holding that bad faith on the part of the applicant Alden was necessary in the case at bar to avoid the certificate. (*Evans* v. *C. Ins. Co.*, 40 Misc. Rep. 316; *Higbee* v. *G. M. L. Ins. Co.*, 66 Barb. 462; *Barteau* v. *P. Ins. Co.*, 67 N. Y. 595; *Sullivan* v. *Fraternal Societies*, 36 Misc. Rep. 578; Bliss on Life Ins. § 35; *Preuster* v. *Supreme Council*, 135 N. Y. 418; *Armour* v. *F. Ins. Co.*, 90 N. Y. 451; *Campbell* v. *Ins. Co.*, 98 Mass. 381; *M. L. Ins. Co.* v. *Wager*, 27 Barb. 364; *Carpenter* v. *Ins. Co.*, 1 Story, 62; *Alston* v. *M. Ins. Co.*, 4 Hill, 334.) The forfeiture of the certificate for the untrue answer as to the former rejection by defendant was not waived by defendant nor is the defendant equitably estopped from setting up such untrue answer as a ground of forfeiture. (*Grattan* v. *M. L. Ins. Co.*, 92 N. Y. 176; *Galbraith* v. *A. M. L. Ins. Co.*, 12 Bush, 29; *Ketcham* v. *A. M. A. Assn.*, 117 Mich. 521; *N. Y. L. Ins. Co.*, v. *Fletcher*, 117 U. S. 519; *Hamilton* v. *M. L. Assn.*, 27 App. Div. 480; *N. L. Ins. Co.* v. *Minch*, 53 N. Y. 150; Bacon on Ben. Soc. § 145; *Mayor* v. *E. R. Society*, 49 Hun, 237; *Supreme Council* v. *Green*, 71 Md. 273; *Hackett* v. *Supreme Council*, 44 App. Div. 524; *Desmond* v. *Supreme Council*, 51 App. Div. 91.) The defendant order is a life insurance association and was clearly included in the question as to the prior rejection by any life insurance company or association. (*Mayer* v. *P. M. L. Ins. Co.*, 189 Penn. St. 579; *McCollum* v. *M. L. Ins. Co.*, 62 Hun, 103; *Bruce* v. *M. L. Ins. Co.*, 74 Minn. 310.) The question as to a prior rejection by any life insurance company or association was material. (*Graham* v. *Ins. Co.*, 87 N. Y. 72; *Campbell* v. *Ins. Co.*, 98 Mass. 402; *Kemp* v. *M. B. Assn.*, 46 N. Y. S. R. 429; 135 N. Y. 658; *Clemens* v. *Supreme Assembly*, 131 N. Y. 485; *Edington* v. *A. L. Ins. Co.*, 100 N. Y. 536; *Anderson* v. *Fitzgerald*, 4 H. L. Cas. 484; *L. Assur. Co.* v. *Mansell*, L. R. [11 Ch. Div.] 604; *P. L. Ins. Co.* v. *Raddin*, 120 U. S. 183.) An exception not having been taken to the exclusion of evidence, such exclusion cannot be reviewed on appeal. (*King* v. *People*, 83 N. Y. 586; *Abbey* v. *Ferris*, 31 N. Y. S. R. 63; *Borley* v. *Wheeler*

*& Wilson,* 34 N. Y. S. R. 987; *McMurray* v. *Gage,* 19
App. Div. 998; *Smith* v. *N. E. R. R. Co.,* 57 App. Div.
152.)

*Philip A. Laing* for respondent. The court erred in the
exclusion of evidence. (*Wood* v. *A. F. Ins. Co.,* 149 N. Y.
382; *Genung* v. *M. L. Ins. Co.,* 60 App. Div. 429; *Ames* v.
*C. L. Ins. Co.,* 31 App. Div. 187; *Bank* v. *Davis,* 2 Hill,
451; Wade on Notice, §§ 672, 675.) An exception is not
indispensable to a review of errors committed at the trial.
(*Matter of Brundage,* 31 App. Div. 348; *Dovale* v. *Acker-
man,* 11 Misc. Rep. 248; *Vorce* v. *Appenhein,* 37 App. Div.
69; *Whittaker* v. *D. & H. C. Co.,* 49 Hun, 400; *Gillette* v.
*Trustees of Kinderhook,* 77 Hun, 604; *Leach* v. *Williams,*
12 App. Div. 173; *Jacobs* v. *Sire,* 4 Misc. Rep. 398; 69 App.
Div. 56; Bayliss on New Trials & App. 82, 397.) A false
representation, although material, may be explained. (*Sterna-
man* v. *M. L. Ins. Co.,* 170 N. Y. 13; *Baldwin* v. *C. Ins.
Co.,* 60 Hun, 389; *O'Brien* v. *H. B. Society,* 51 Hun, 495;
117 N. Y. 310; *Forward* v. *C. Ins. Co.,* 66 Hun, 546; *Dris-
coll* v. *G. A. Ins. Co.,* 74 Hun, 153; *Grass* v. *N. F. Ins.
Co.,* 132 N. Y. 133; *O'Rourk* v. *J. H. Life Ins. Co.,* 10 Misc.
Rep. 405; *Bernard* v. *U. L. Ins. Assn.,* 12 Misc. Rep. 10;
*Alger* v. *M. L. Ins. Co.,* 84 Hun, 271; *Miller* v. *P. L. Ins.
Co.,* 107 N. Y. 292.) If the defendant's agent is responsible
for the false statement, the defendant is estopped. (*Ins. Co.*
v. *Wilkinson,* 13 Wall. 222; *Ins. Co.* v. *Mahone,* 21 Wall.
152; *Baker* v. *H. L. Ins. Co.,* 64 N. Y. 648; *Maher* v. *H.
Ins. Co.,* 67 N. Y. 283; *Mowry* v. *Rosendale,* 74 N. Y. 363;
*Miller* v. *P. M. L. Ins. Co.,* 107 N. Y. 292; *O'Rourk* v.
*J. H. L. Ins. Co.,* 10 Misc. Rep. 405; *Bernard* v. *U. L. Ins.
Assn.,* 12 Misc. Rep. 10; *Jacobs* v. *N. W. L. Assur. Co.,* 30
App. Div. 285; *Peters* v. *U. Ind. Ins. Co.,* 10 App. Div.
533; *O'Brien* v. *H. B. Co.,* 117 N. Y. 310.) Defendant is
not a life insurance company or association. (*Spitz* v. *M. B.
L. Assn.,* 5 Misc. Rep. 245; *Comm.* v. *E. B. Assn.,* 137
Penn St. 412; *P. M. L. Ins. Co.* v. *M. S. Bank,* 38 L. R. A.

33; *S. M. L. Ins. Co.* v. *Webb*, 55 L. R. A. 122; 72 Fed. Rep. 413; *F. M. L. Assn.* v. *Miller*, 92 Fed. Rep. 63.)

CULLEN, J.   The action was brought to recover the amount of a benefit certificate issued by the defendant to the plaintiff's husband payable to the plaintiff on the death of said husband.   The defendant admitted the issue of the certificate as alleged in the complaint and set up as a defense to its liability that the certificate was issued on a written application of the deceased whereby he agreed that any untruthful or fraudulent answers, any suppression of facts in regard to his health, age, habits or circumstances, should vitiate the certificate and forfeit all payments made thereon.   It further alleged that to the questions contained in his application the deceased made certain untrue and fraudulent answers, only one of which it is necessary now to note.   In response to the question, " Have you ever been rejected by any Life Insurance Company or Association ? " the answer was " No."   The defendant's order was divided into camps or tents.   On the trial it was conceded that about eight months previous to the issue of the certificate the deceased had made application for admission to membership in a tent other than that which he finally joined and had been rejected upon a medical examination, which rejection was known to him.   The plaintiff sought to avoid the effect of this false answer by proof that the deceased made the application, which resulted in his admission to membership, on the advice and by the instruction of one of the general officers of the defendant designated as a special organizer of tents or camps, who instructed the deceased to answer the question as he did. Such proof was offered by the plaintiff but rejected by the trial court, to which ruling no exception was taken.   At the close of the evidence the court directed a verdict for the defendant and from the judgment entered on that verdict the plaintiff appealed to the Appellate Division, which ordered a new trial.

That the verdict was properly directed on the evidence that

was actually in the case is reasonably clear and such seems to have been the opinion of the learned court below. It is contended, however, before us that the defendant is not a life insurance company or association within the question quoted and that hence the answer of the deceased, that he had not been rejected by any life insurance company or association, was not false. To this claim we cannot accede. The defendant is incorporated under the laws of the state of Michigan, and, technically, under that statute it is called "a fraternal beneficiary society." Nevertheless, as appears by its constitution and by-laws, its business is essentially that of life insurance, though on the co-operative or assessment plan. The constitution and by-laws require persons seeking admission to membership to pass a medical examination, and admission depends on the result of that examination. I cannot see that it differs essentially in character from the corporations, associations and societies which, by section 7 of chapter 175 of the Laws of 1883 of this state, were declared to be "engaged in the business of life insurance upon the co-operative or assessment plan." This statute was repealed by the General Insurance Law (Ch. 690, Laws 1892), and the declaration contained in the earlier statute is not re-enacted in terms in the later one. Nevertheless, a review of article 7 of the Insurance Statute, which deals with fraternal beneficiary societies, orders and associations, clearly shows that the law continues to regard such societies as engaged in life insurance. Thus section 230 authorizes the incorporation of fraternal beneficiary societies "for relief by insurance." It also provides that no such society "shall transact the business of insurance" in the state except on compliance with certain conditions. Reference can readily be made to other provisions of the Insurance Law to the same effect. The question is broad in its form. It asks whether the applicant has ever been rejected by any life insurance "company or association." The materiality of the inquiry is plain, for if a risk on a member's life had been rejected it would naturally put the defendant on its guard and cause its examination to be more careful and thorough,

and it might be unwilling to accept risks which other insurers had declined.    There is no reason why information as to the rejection of an applicant by a fraternal society should not be as important to the defendant as rejection by any other form of insurance company or association.    We think, therefore, that this defendant fairly fell within the terms of the question, "insurance company or association."    Of course, there may be societies to the objects of which any benefit given to the family of sick or deceased members is so purely incidental that this doctrine does not apply.    I assume there are some trade guilds, some exchanges, and, from the terms of the statute, some secret orders, such as the Masons and Odd Fellows, which would be exceptions to the rule.    Moreover, I think that on the question now presented we are concluded by authority.    In *Kemp* v. *Good Templars Mutual Benefit Association* (19 N. Y. Supp. 435) the deceased, in answer to the question, "Has any Life Insurance Company declined to grant a policy on your life, and if so, why? stated 'no.'"    The deceased had been rejected by the National Benefit Society, a society incorporated under chapter 175 of the Laws of 1883.    It was held that the false answer avoided the certificate.    The case was affirmed by this court on the opinion of the General Term.    (See 135 N. Y. 658.)    *McCollum* v. *Mutual Life Insurance Company* (55 Hun, 103) is to the same effect, that a fraternal association is an insurance company within the meaning of the question we have discussed.

The learned Appellate Division, however, was of opinion that the trial court erred in excluding the evidence offered by the plaintiff to show that the answer of the deceased was made in compliance with the direction of one of the managing officers of the company.    It held that it was authorized to review this ruling, though no exception to it was taken on the trial.    There can be no doubt as to the broad supervisory power possessed by the Appellate Division over trials had in the Supreme Court.    It may reverse on questions of fact; it may reverse because the action has been submitted on an erroneous theory, because one of the parties has been taken

by surprise, or because of the admission or rejection of
improper evidence, though no exception to the ruling be
taken, provided that the jurisdiction of the Appellate Division
is properly invoked. But in the case of jury trials, to invoke
the supervisory power of the Appellate Division a motion for
a new trial must be made, and from the order denying the
new trial an appeal must be taken to that branch of the court.
Under section 1346 of the Code of Civil Procedure (Old Code,
sec. 348) an appeal may be taken to the Appellate Division
of the Supreme Court from a final judgment rendered in the
Supreme Court. "2. Where the judgment was rendered
upon the verdict of the jury the appeal may be taken on
questions of law." Where the appeal is taken solely from
the judgment (as in this case), except where there are statu-
tory provisions to the contrary, the power of the Appellate
Division is only the same as that possessed by this court;
that is to say, a review of the questions of law, and questions
of law can be raised only by exceptions taken at the trial.
(Code, sec. 992.) The practice has been so held many times
by this court. (*Thurber* v. *Harlem B., M. & F. R. R. Co.*,
60 N. Y. 328; *Matthews* v. *Meyberg*, 63 N. Y. 656; *Boos* v.
*World Mut. Life Ins. Co.*, 64 N. Y. 236; *Third Ave. R. R.
Co.* v. *Ebling*, 100 N. Y. 100; *Collier* v. *Collins*, 172 N. Y.
101; *Volkommer* v. *Cody*, 177 N. Y. 124.) In the *Collier*
case the Appellate Division reversed a judgment entered on a
nonsuit at Trial Term. No exception was taken at the trial to
the ruling of the court dismissing the complaint, and no motion
for a new trial was made, but the appeal taken from the
judgment only. We held that, because there was no excep-
tion, the Appellate Division was without power to reverse the
judgment, though the nonsuit might have been improper.
That decision disposes of the case before us. An explanation
of the practice peculiar to trials before juries will be found by
reference to the system which prevailed before there was any
Code of Procedure. A motion for a new trial was made
before the same court in which the trial was had, originally
before the court in banc, the motion was made on a case, and

it was granted or refused in the discretion of the court. Hence, on such a motion exceptions were unnecessary. The other method of review was by writ of error on a bill of exceptions. The decision on such a review was a matter of strict right. The appellate court could take notice of no rulings on the trial except such as were raised by an exception. (See *Willard* v. *Warren*, 17 Wend. 259; *Malony* v. *Dows*, 9 Abb. Prac. Rep. 86.) Under the section of the Code quoted an appeal from the judgment in an action tried before a jury brings up for review only such objections as under the old practice would have been cognizable on a writ of error.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur.

Order reversed, etc.