.(112 App. Div. 72)

VENTRESCA et al. v. BECKWITH.

(Supreme Court, Appellate Division, Second Department. March 22, 1906.)

TRIAL—RECEPTION OF EVIDENCE—MOTIONS TO STRIKE OUT.

    In an action for breach of contract for the erection of a wall, where a witness testified as to measurements of the completed and uncompleted portions of the wall at the time defendant compelled plaintiff to stop work thereon, and also gave certain estimates without objection by defendant, a motion to strike out all his testimony, on the ground that he was not shown to be an expert, was properly overruled; the part referred to not being subject to that objection.

    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 248.]

Appeal from Trial Term.

Action by Gennaro Ventresca and another against Clinton Beck-.with. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, and RICH, JJ.

William H. Weeks, for appellant.

Abram J. Miller, for respondents.

WOODWARD, J. The plaintiffs bring this action to recover damages for a breach of contract, and have been awarded a verdict by the jury, and the only question presented upon this appeal from the judgment is the refusal of the court to grant a motion to strike out the testimony of a witness called to prove the relative value of the work performed under the contract; the defendant having prevented the plaintiffs from completing the work, as the jury has found upon sufficient evidence.

The plaintiffs had a contract with the defendant for the construction of certain stone wall, for which the defendant was under contract with the city of New York. Some portion of this wall had been finished; other portions were at various stages of completion. The contract provided that the plaintiffs should be paid $9.25 per rod for the completed wall, and plaintiffs called one Waite, an architect, to prove the amount of work which had been done under the contract at the time the defendant prevented further work. Mr. Waite testified that he was familiar with this general kind of wall; that he had constructed walls of the same general character, and knew the value of the work, etc.; and then testified to the measurements which he had made of the completed work and of the uncompleted portions, the stone which had been drawn upon the ground, etc. On his cross-examination defendant's counsel asked him some questions, the answers to which might be construed into an admission that he was not familiar with walls of exactly the same character. Then he was asked a variety of questions as to the details of the wall, the cost, etc., and then a motion was made to strike out all of his testimony, on the ground that the witness was not shown to be an expert. Upon further questioning by the court, it appeared that the witness was familiar with work of the same kind, except that he had never constructed a double-faced wall, and that the witness was called for the purpose of showing the proportion of the work which had been performed; the estimates as to

values being based upon the contract price of $9.25 per rod, and the court denied the motion to strike out the testimony. Obviously the witness had shown himself competent at least to testify to the measurements which he had made, and, having testified without objection as to the relative values of the different portions, it would seem that the court was entirely justified in denying the motion which was before it, which was to strike out all of the testimony of the witness. This would be true even though the witness had shown no qualifications as an expert. He made measurements, and he could tell of these, and, having told of them without objection as to his estimates, the plaintiffs were entitled to the benefit of the evidence.

On the merits there is evidence sufficient to justify the verdict of the jury entirely independent of this witness, and, as only questions of law are presented by an appeal from the judgment (Alden v. Knights of Maccabees, 178 N. Y. 535, 71 N. E. 104), and it was clearly not error for the court to deny the motion as made by the appellant, the judgment must be affirmed, with costs. All concur.