LEVINE et al. v. ROSENSCHEIN.

(Supreme Court, Appellate Division, Second Department.   October 8, 1909.)

1. MASTER AND SERVANT (§ 43*)—CONTRACT OF EMPLOYMENT—EVIDENCE.

Evidence, in an action for breach of contract whereby plaintiffs were to do all the pressing, for a certain time, of the clothes manufactured by defendant, more than could be pressed by plaintiffs personally, *held* at least sufficient to go to the jury on the question whether the contract did not include plaintiffs' personal services to the full extent thereof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

2. MASTER AND SERVANT (§ 42*)—EMPLOYMENT—BREACH OF CONTRACT—MITIGATION OF DAMAGES.

That a contract for the pressing by plaintiffs of all the clothes manufactured by defendant included not only the personal services of plaintiffs, but those of such others as were necessary, did not absolve plaintiffs, in case of a breach of the contract by defendant, of the duty to reasonably reduce the damages by other employment between the breach of the contract and the time for its termination.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 54–56; Dec. Dig. § 42.*]

3. APPEAL AND ERROR (§ 197*)—OBJECTIONS IN TRIAL COURT—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

The ruling excluding evidence, offered by defendant in an action for breach of contract of employment, of the extent of earnings by the personal service of plaintiffs after their discharge, competent in mitigation of damages, cannot be sustained, because defendant did not plead, as a partial defense or mitigation of damages, that plaintiffs secured, or might have secured, employment elsewhere, objection not having been made on that ground, as, if such objection had been made, defendant might have been allowed to amend.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 197;* Pleading, Cent. Dig. §§ 1428–1441.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. APPEAL AND ERROR (§ 263*)—REVERSAL IN ABSENCE OF EXCEPTION—SUBMIS-
SION ON WRONG THEORY.

The case having been submitted to the jury on an erroneous theory of the contract sued on, reversal may be had, even in the absence of exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1526, 1527; Dec. Dig. § 263.*]

Rich, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Philip Levine and another against Isidor Rosenschein. From a judgment for plaintiffs, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and MILLER, JJ.

Daniel W. Blumenthal, for appellant.

Jacob Manheim (Harry A. Gordon, on the brief), for respondents.

BURR, J. The defendant is engaged in the business of manufacturing ladies' cloaks and suits. The plaintiffs claim that on the 28th day of March, 1905, the defendant made a contract with them for a definite term relative to pressing the garments which he manufactured. Upon conflicting evidence the jury have found that the contract was to expire on January 1, 1906, and that the defendant was responsible for a breach thereof which occurred on the 8th day of April, 1905. We should not disturb the judgment entered in accordance with such findings, were it not that the case was submitted to the jury on an erroneous theory, and competent evidence was improperly excluded.

One of the questions in the case was as to the nature of the contract. Was it a contract for the personal services of the plaintiffs, or was it a contract through which a certain result was to be obtained for the defendant, to wit, that the garments which he manufactured should be pressed, irrespective of any personal service of the plaintiffs? If the former, then this judgment must be reversed, because the learned trial justice excluded testimony offered by the defendant in mitigation of damages as to the personal earnings of the plaintiffs in the interval between the date of the breach of the contract and the date of its expiration. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873. That the contract involved the rendition of personal services by the plaintiffs to the entire extent of their time, although they might be assisted in such service by others, seems perfectly clear from the complaint, from the testimony of the plaintiffs respecting both the hiring and the discharge, and the practical construction put upon the contract as evidenced by the conduct of the trial on plaintiffs' part. The complaint alleges that the defendant agreed to "employ the plaintiffs exclusively to do all the pressing of garments manufactured by the defendant"; that such pressing was "to be done by the plaintiffs and by pressers employed by and to be paid by them, and under their supervision." It further alleges that the plaintiffs "did enter the em-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ploy of the defendant * * * and continued in said employ and rendered said services to and for the defendant"; that "defendant wrongfully discharged the plaintiffs from his employ and refused to permit the plaintiffs to longer remain in his employ"; and that said "plaintiffs were ready, willing, and able and offered to continue in said employ and to render said services." It appeared from plaintiffs' testimony that they were employed by the defendant originally on November 1, 1904, "to stay with him and make his work, all the pressing work in his factory." The defendant furnished the place to work in his own factory, the tables upon which the work was done, the irons, the heat, and everything in the shape of tools, except some small cushions to hold the irons, which the plaintiffs furnished. Plaintiffs further testified that on the 28th of March they told the defendant that they had an offer to take "this position to do the pressing work" for another firm, and that the defendant said that he wanted them to remain with him until January 1, 1906, and as an inducement to them to remain he agreed that, whereas before he had caused certain of the work to be done outside of the factory and by others, he would now have it all done in the factory and by them. The plaintiffs further testified that on the 7th of April the superintendent came to them in the factory and told them that they were discharged, and that the next day the defendant ordered them out of the factory. The reason given for their discharge, according to the plaintiffs, is that the superintendent wished to put a friend of his in the position, while the defendant claims that it was on account of the quarrelsome disposition of the plaintiffs.

On the trial plaintiffs' counsel began to interrogate one of the plaintiffs as to what other employment he had been able to obtain during the term of the contract and after its breach, and only desisted when checked by the court. It is true that the burden of showing this rested, not on the plaintiffs, but on the defendant (Howard v. Daly, supra); but this shows quite clearly what counsel for the plaintiffs considered the nature of the contract to be. If the contract did not involve the personal services of the plaintiffs, it is difficult to see what object there was in making the contract of March 28th, or why the fact that the plaintiffs had received an offer of work elsewhere should have been made the cause for entering into an agreement that the plaintiffs should reject that offer and remain with defendant for an additional period of nine months. The plaintiffs could have taken that contract with the other firm and at the same time done work for the defendant. If the other firm did require the personal services of the plaintiffs, then, according to the theory adopted by the learned trial justice, they could have performed all of the work for the defendant through subordinates and accepted both contracts. It was at least a question of fact for the jury whether their agreement with the defendant did not include their personal services to the full extent thereof. If it did, then the court erred in excluding the testimony offered.

The fact that the contract included, not only the personal services of the plaintiffs, but those of others, will not absolve the plaintiffs, in the case of a breach by the defendant, from the duty and obligation to reasonably reduce the damages resulting therefrom (Milage v. Wood-

ward, supra); and evidence as to the extent of earnings by the personal service of the plaintiffs was competent in mitigation of such damages. If it should be claimed that the defendant did not plead as a partial defense and in mitigation of damages that the plaintiffs had secured or might have secured employment elsewhere, it is sufficient to say that the evidence was not objected to on that ground. If it had been, the defendant might have been allowed to amend. The case was submitted to the jury on an erroneous theory. Under such circumstances we may reverse, even in the absence of an exception. Alden v. Knights of Maccabees, 178 N. Y. 535, 71 N. E. 104.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except RICH, J., who dissents.