SIMON et al. v. LEVINSON et al.

(Supreme Court, Appellate Term.    January 5, 1911.)

1. MASTER AND SERVANT (§ 3*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION—MANUFACTURES.

Where the plaintiffs contract to manufacture coats for the defendants at a certain price per coat, the defendants to supply cloth and materials for their manufacture, the contract is a contract for the manufacture of coats; rather than an engagement or employment of the plaintiffs' personal services.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 3; Dec. Dig. § 3.*]

2. DAMAGES (§ 120*)—BREACH OF CONTRACT—FAILURE TO PERFORM—VALUE OF CONTRACT.

Where plaintiffs were hired to manufacture coats for the defendants at a certain price per coat, the defendants to supply cloth and materials for their manufacture, the measure of damages, on the defendants' termination of the contract by refusing to supply such material, is the value of the contract to the plaintiffs.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 292; Dec. Dig. § 120.*]

3. DAMAGES (§ 59*)—BREACH OF CONTRACT—FAILURE TO PERFORM—MITIGATION OF DAMAGES.

Where the plaintiffs were hired to manufacture coats for the defendants at a certain price per coat, the defendants to supply cloth and materials for their manufacture, the earnings of the plaintiffs, since the breach and during the term of the contract, cannot be taken into consideration in mitigation of damages.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 59.*]

4. APPEAL AND ERROR (§ 882*)—ESTOPPEL TO ALLEGE ERROR—ADMISSION OF EVIDENCE—IMPROPER EVIDENCE INDIRECTLY ADMITTED—EFFECT.

In an action for damages for breach of contract, where evidence as to the plaintiffs' earnings, since the breach and during the term of the contract, was not admissible, but was either brought out by the questions of the defendants' counsel, or appeared in the record in the form of a concession by the plaintiffs' counsel, presumably at the request of counsel for the defendants, and naturally without objection on defendants' part, defendants have no ground of complaint by reason of such indirect admission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3597; Dec. Dig. § 882.*]

Appeal from City Court of New York, Trial Term.

Action by Barnet Simon and another against Samuel Levinson and another.   From a judgment for plaintiffs on a directed verdict, defendants appeal.    Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Goldfogle, Cohn & Lind (Alfred D. Lind and L. E. Schlechter, of counsel), for appellants.

Goldstein & Goldstein (David Goldstein, of counsel), for respondents.

GIEGERICH, J.   The contract pleaded in this case was not one of employment.   By its terms the plaintiffs agreed to manufacture coats at a certain price per coat for the defendants, and the defendants

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreed to supply cloth and materials for their manufacture. The breach alleged is that the defendants wrongfully terminated the agreement and refused to supply the materials from which the coats were to be manufactured. The complaint does not suggest that there was any employment of the plaintiffs, or that their personal services were in any way contracted for. So far as appears from the complaint, the plaintiffs became independent contractors, and the answer expressly sets up that they were hired as contractors to manufacture the coats. The trial judge, therefore, correctly charged that the measure of damages was the value of the contract to the plaintiffs, and refused to charge that the earnings of the plaintiffs, since the breach and during the term of the contract, should be taken into consideration in mitigation of damages. Evidence of such earnings was, doubtless improperly, admitted at the trial; but it was either brought out by the questions of the defendants' counsel, or appears in the record in the form of a concession by the plaintiffs' counsel, presumably at the request of counsel for the defendants, and, naturally, without objection on his part. It is evident, therefore, that the defendants have no ground of complaint on that score.

The case of Levine v. Rosenschein, 134 App. Div. 157, 118 N. Y. Supp. 890, relied on by the appellants, has no application to the case at bar, because there it appeared, from the complaint, and from the testimony of the plaintiffs respecting both the hiring and the discharge, and from the practical construction put upon the contract, as evidenced by the conduct of the trial on the plaintiffs' part, that the contract involved the rendition of personal service by the plaintiffs to the full extent of their time, although they might be assisted in such service by others. In the present case, however, it clearly appears from the pleadings and the evidence that the plaintiffs were employed as contractors to manufacture coats; the nature of the work called for by the contract being such that a certain result was to be obtained for the defendants, irrespective of any personal service of the plaintiffs.

The questions of fact sought to be raised by the appellants have all been resolved against them by the jury, and as there was evidence to sustain the verdict we cannot disturb it. No further claim of error being made, the judgment and order should be affirmed, with costs. Judgment affirmed, with costs. All concur.