the defendant, or to the person entitled thereto, upon reasonable demand, and upon payment of all costs, charges and expenses, legally chargeable by the sheriff, all the attached personal property remaining in his hands, or that portion thereof, as to which the attachment is discharged; or the proceeds thereof, if it has been sold by him."

This section confers no authority upon the court, after a discharge of a levy under an attachment, to order either party to the action to pay the sheriff's poundage. Subdivision 2 of chapter 418 of the Laws of 1892 provides that, if an action is settled either before or after judgment, the sheriff is entitled to poundage upon the value of the property attached, not exceeding the amount at which the settlement is made, and that the sheriff may retain the property levied upon until his fees and poundage are paid; but this act contains no authority for such a direction in an order. The court has power to tax the sheriff's fees, and the order, so far as it taxes his poundage at the sum of $40, seems to be correct. If the sheriff wishes to collect his poundage, his remedy is to hold his levy until it is paid, or to sue the party to the action liable for his poundage for the amount taxed.

The order should be modified by striking out the last clause, ordering the defendant to pay the poundage within 10 days, and, as modified, affirmed, without costs. All concur.

---

(75 App. Div. 559.)

McDONALD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. DEATH OF INFANT—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.
   An instruction in an action for the negligent killing of a boy of tender years that it was his duty to exercise such care and prudence to avoid an accident as a boy of his age and of good intelligence would exercise under the circumstances, "and deem adequate thereto," is erroneous, as making the degree of care he exercised sufficient if he deemed it adequate.

2. EXCEPTION TO CHARGE.
   In an action for the negligent killing of a boy of tender years, an exception "to the language of the court with regard to the degree of care imposed on the boy" sufficiently points out the error in the charge stating the degree of care required of him.

3. NEGLIGENCE OF INFANT—INSTRUCTIONS—CURING ERROR.
   Error in a charge in an action for the negligent killing of a boy of tender years, which made the degree of care he exercised sufficient if he deemed it adequate, is not cured by subsequent language defining "reasonable care," and saying that it required a vigilant use of the senses, and that if there was an omission of this care or duty by deceased, and it contributed to the accident, there could be no recovery.

Appeal from trial term, New York county.

Action by Grace McDonald, administratrix, against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial (74 N. Y. Supp. 367), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Edmund L. Mooney, for respondent.

HATCH, J.    The plaintiff seeks in this action to recover damages for negligence of the defendant in causing the death of plaintiff's intestate.    It is not essential that we call attention to the facts of the case, for the reason that they are in all substantial respects the same as when the case was before this court upon a former appeal.    In the first trial a verdict was directed by the court in favor of the defendant, and upon appeal this court affirmed the judgment entered thereon. 46 App. Div. 143, 61 N. Y. Supp. 817.    It was therein held that the verdict was against the weight of evidence, and, as a verdict would not have been sustained in favor of the plaintiff, the court was authorized to direct it.    Upon appeal to the court of appeals (167 N. Y. 66, 60 N. E. 282), that court held that the trial court could not, in any case where the right of trial by jury exists, direct a verdict, if the evidence in the case presented an actual issue of fact; that the only power possessed by the court, if dissatisfied with the verdict of the jury, was to set it aside and grant a new trial before another jury.    We do not now feel called upon to carefully scrutinize this testimony, in order to determine whether or not it be against the weight of evidence.    We reach the conclusion that a new trial must be granted for error committed in the charge to the jury.    The court charged:

"It was the duty of this boy to exercise such care and prudence to avoid an accident as a boy of his age and of good intelligence would exercise under the circumstances, and deem adequate thereto."

As we construe this charge, it was left for the jury to determine whether the degree of care which the deceased exercised was such as he deemed adequate, and, if so, it answered the requirements of the law.    Such is not the rule.    The degree of care imposed upon the deceased was such as a reasonably prudent person of the same age would have exercised under the same or similar circumstances.    The charge as made, however, substitutes for such care a mental process on the part of the deceased in reaching such conclusion as to what he deemed to be adequate care.    Clearly, such is not the rule.    If it were, every act of the party would be sustained, as such action would necessarily involve the degree of care deemed by him to be adequate in committing the act.

It is said, however, that no exception points out this error.    We think the contrary clearly appears.    Counsel first excepted to that portion of the charge after the definition of "legal negligence."    This part of the charge followed that to which we have called attention. Counsel then excepted "to the language of the court with respect to the degree of care imposed upon the boy."    This was a specific exception to the language in which the degree of care to be exercised by this boy was charged, and it finds precise application to that portion of the charge which we deem to be error.    This error was not cured by anything subsequently contained in the charge.    The court did define what constituted reasonable care, and said that it required a vigilant use of the senses, and that if there was an omission of this care or duty on the part of the deceased, and it contributed to the accident, the jury should find for the defendant.    But this did not modify or exclude from consideration by the jury that the vigilant use of his

senses was to be measured in operation by the care which the deceased deemed adequate for his protection.

It follows, therefore, that the court committed reversible error, to which an exception was properly taken. In consequence of which the judgment and order should be reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.