CHARLTON v. FORTY-SECOND ST., M. & ST. N. AVE. R. CO.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. NEGLIGENCE—CARE REQUIRED OF INFANT—EVIDENCE OF INCAPACITY.
   An infant of the age of 12 years or above. is chargeable with the measure of care demanded of an adult, unless he shows as a fact that he does not have the capacity sufficient to exercise the care of an adult.

Appeal from trial term, New York county.

Action by Barlow R. Charlton, an infant, by Rachel M. Charlton, his guardian ad litem, against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Addison C. Ormsbee, for appellant.
Joseph Fischer, for respondent.

¶ 1. See Negligence, vol. 37, Cent. Dig. § 124

PER CURIAM. The plaintiff in this action is an infant, between 12 and 13 years of age. In charging as to the degree of care to be observed by the infant, the court said:

"In the case of a child it is that degree of care which ordinarily a child of the same age and development might be expected to use, not necessarily the care of an adult person." And again: "If the plaintiff used ordinary care himself,—that is to say, the amount of care which should be reasonably be expected from a child of his age and apparent development and ability,—and he was injured by reason of a situation of danger," the defendant would be liable. To this part of the charge an exception was taken. In McDonald v. Railroad Co. (Sup.; not yet officially reported), 78 N. Y. Supp. 284, this court held that, when an infant is of the age of 12 years or above, the burden is upon the plaintiff to show the capacity of the infant, and establish as a fact that such infant was not possessed of sufficient capacity to exercise the degree of care and caution which is chargeable upon an adult, otherwise, in the absence of proof, an infant of that age is chargeable with the same measure of care and prudence as though he were an adult. The rule adopted by the court in submitting this case to the jury was that infancy per se authorized the jury to find that the care required of it was not that necessarily required of an adult person. Such is not the rule. Having arrived at an age when the law charges upon him the exercise of the same care, prudence, and circumspection as it does of an adult, the court was bound so to charge, and the plaintiff could not be relieved from the operation of such rule, except by showing as a fact that the plaintiff did not have that measure of capacity sufficient to exercise the degree of care and caution demanded of an adult. The exception which was taken to the charge, therefore, presents reversible error.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.