appear the whole proceeding, and upon which the appellate tribunal would be enabled to pass judgment. The practice which has obtained in the present instance does not bring up the record, and therefore does not present to the court anything which it may properly review.

It follows that the order should be affirmed, with $10 costs and disbursements, and the proceeding dismissed, with $10 costs. All concur.

---

### SCHWARTZMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. STREET RAILWAYS—PERSONAL INJURIES—INSTRUCTIONS.

In an action against a railway company, in which there was evidence that plaintiff was injured by being thrown from a car by the conductor, and no evidence that the conductor was at any time not engaged in the running and management of the car, the giving of a charge that if the conductor threw plaintiff from the car, but the act was done willfully and maliciously, and not in the management and running of the car, defendant would not be liable, was prejudicial error.

Woodward and Jenks, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Isadore Schwartzman by guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

William O. Miles, for appellant.
I. R. Oeland, for respondent.

HIRSCHBERG, J. The disputed question of fact upon the trial was whether or not the conductor threw the plaintiff off the car. The plaintiff, then 14 years of age, was concededly a passenger on one of the defendant's cars on the 14th day of July, 1901, and, having arrived at a point where he was entitled to a transfer, demanded of the conductor that one be given him. The conductor had used all the transfer tickets with which he had been provided, and was, of course, unable to comply with the request. There was evidence which would justify a finding by the jury either that the conductor then took hold of the plaintiff and threw him off the car, or that the plaintiff voluntarily jumped off; and, but for an error in the charge, the judgment should be affirmed. The learned court, however, charged the jury, in effect, that if the conductor did take hold of the plaintiff and throw him from the car, but the act was done willfully and maliciously, the defendant would not be liable. It is true that this portion of the charge was coupled with the suggestion that, in order to relieve the defendant from liability, it must appear that the conductor's willful and malicious act was not done in the management and running of the car; but there was no fact or circumstance in the case tending to indicate that there was any time when the conductor was not engaged in the running and

management of the car, and the jury must have understood the charge as applicable to the facts of the case, and not as a mere abstract proposition of law. The effect òf the charge was to instruct the jury that they might find the conductor's act to have been willful, but personal, in the sense of being outside of the field of his duty; the precise language being, "If he did it maliciously and outside of the running and management of the car of the defendant, then the verdict must be for the defendant." It needs no citation of authority to show that this is not a correct statement of the law, as applicable to the conceded fact that the conductor was engaged at the time in the actual running and management of the car. The true rule is frankly admitted by the learned counsel for the respondent in his brief, as follows: "This we understand to be the correct rule of law: If the conductor made the assault while in the management of the car, whether maliciously done or negligently done, the defendant would be responsible." The charge to the contrary could have no possible effect but to mislead the jury into the belief that, if they found that the act of the conductor was a wanton one, it could nevertheless in some way be so dissociated from the discharge of his duty as a servant of the defendant as to relieve the latter from its consequences; and, as nothing whatever in the case even remotely suggests the possibility of such dissociation, the instruction constituted reversible error. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except WOODWARD and JENKS, JJ., who dissent.