PRINCE v. THIRD AVENUE R. CO.

(Supreme Court, Appellate Term.    November 6, 1903.)

1. STREET RAILWAYS—NEGLIGENCE — COLLISION WITH VEHICLE — RIGHT TO
CROSS TRACK—INSTRUCTIONS.

In an action against a street car company for personal injuries caused by a collision between plaintiff's wagon and a car, an instruction that plaintiff had the right to cross the track when he saw a reasonable opportunity to do so, even though it required the motorman to slacken speed, and that the rights of drivers of vehicles and those of electric cars were reciprocal, so that the gripman is bound to see to his charge as diligently as the driver of a vehicle to his, was not objectionable as substituting the mental process of the driver for the judgment of the jury as to whether the attempt to cross was reasonable.

Blanchard, J., dissenting.

Appeal from City Court of New York.

Action by Adolph Prince against the Third Avenue Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

H. A. Robinson (Bayard H. Ames and F. Angelo Gaynor, of counsel), for appellant.

Emanuel J. Myers and Arthur Weil, for respondent.

BISCHOFF, J.    Evidence, which the jury could properly accept, justified the finding that the plaintiff's wagon changed its course, in an attempt to cross the track, when the car was three-quarters of a block away, and the accident could well be attributed to the negligence of defendant's servant in operating the car with a total disregard of the situation before him.    The recovery is not opposed to the weight of the evidence, and sufficient ground for reversal is not afforded, in my view, by an instruction to the jury to which the appellant has directed our attention.

The main charge appropriately defined the duty of care owing from the persons in control of the wagon and car, but later, in answer to a request by defendant for an instruction that the plaintiff's driver was bound "to wait at the approach of a car, and not delay its progress," the court said:

"I charge that the plaintiff had the right to cross the track when he saw a reasonable opportunity to do so, even though it required the motorman of the defendant's car to slacken its speed.    The rights of drivers of vehicles, and those of gripmen of electric cars are reciprocal, so that the gripman of a car is bound to see to his charge as diligently as it is the duty of the driver of a hack or of any other vehicle to see to his charge."

The attention of the court and jury, when this instruction was given, was directed to the proposition, asserted by defendant, that the plaintiff's lawful right to cross the tracks depended upon his not delaying a car; and the words "reasonable opportunity," as used by the court in this connection, were in no sense inconsistent with the main charge as to the use of reasonable care.    Nor did the charge substitute the mental process of the driver for the judgment of the jury as to whether the attempt to cross was reasonable.    The words used

did not make the driver's judgment the test, but the reasonableness of the opportunity which "he saw." What he did see, and whether it was an opportunity to be seized in the exercise of due care, was obviously left to the jury; and, taking this charge as a whole, I cannot hold that there was any inconsistency, nor that the jury, in the usual understanding of words, could properly have been misled to the appellant's prejudice.

The judgment should be affirmed, with costs.

FREEDMAN, P. J., concurs.

BLANCHARD, J. (dissenting). The action was brought to recover damages for injury to plaintiff's wagon, harness, and merchandise by reason of a collision between one of the defendant's cars and plaintiff's wagon. The plaintiff asserted that the defendant was negligent, and that such negligence was the sole cause of the collision. This the defendant denied, and alleged contributory negligence on the part of the plaintiff. The proofs were sufficient to justify the submission of these questions to the jury, and we should not be disposed to disturb the verdict of the jury, except for that part of the charge of the learned trial court which was as follows:

"I charge that the plaintiff had the right to cross that track when he saw a reasonable opportunity to do so, even if it required the motorman of the defendant's car to slacken its speed."

We think this part of the charge of the court, both upon principle and authority, reversible error. It was for the jury, and not for the court, to say what the plaintiff had a right to do under the circumstances. The law required him to be reasonably prudent, and it was for the jury to say whether such prudence was exercised. It was not negligence, as a matter of law, for the motorman to fail to slacken the speed of the car; but it was for the jury to determine whether, under the circumstances, he was negligent, or not, in failing to do so. The language of Mr. Justice Hatch in McDonald v. Metropolitan Street Railway Company, 75 App. Div. 559, 560, 78 N. Y. Supp. 284, 285, writing for the entire court, is much in point. In that case the plaintiff's intestate had been killed. The learned justice said:

"As we construe this charge, it was left for the jury to determine whether the degree of care which the deceased exercised was such as he deemed adequate; and, if so, it answered the requirements of the law. Such is not the rule. The degree of care imposed upon the deceased was such as a reasonably prudent person of the same age would have exercised under the same or similar circumstances. The charge as made, however, substitutes for such care a mental process on the part of the deceased in reaching such conclusions as to what he deemed to be adequate care. Clearly, such is not the rule. If it were, every act of the party would be sustained, as such action would necessarily involve the degree of care deemed by him to be adequate in committing the act."

In Goetz v. Metropolitan, 54 App. Div. 369, 66 N. Y. Supp. 669, the court said:

"It is apparent that the portion of the charge just referred to, being a part of the main charge, was inconsistent with the portion first alluded to, which was made at the request of the defendant at the close of the main charge.

Under such circumstances, we think the final instruction, in so far as it was inconsistent with what had theretofore been said, qualified the former to that extent, and was the one which was to govern the jury in their deliberations."

The judgment and order ought to be reversed, and a new trial ordered, with costs to appellant to abide the event.