and knew it was approaching. Nor is there any force in the suggestion that he had a right to assume that the car would be so controlled that he could cross the street in safety. He had no more right, under the circumstances, to indulge in this assumption, than the motorman of the car had to assume that the plaintiff would so control his own movements with reference to the car that he would not be injured. Plaintiff, of course, was as much obligated to look out for his own safety as the defendant was to prevent his being injured. Both of the parties had an equal right to the use of the street at this place, and, while it was the duty of the defendant to move its car with care, to the end that the plaintiff would not be injured, plaintiff was also required to exercise an equal amount of care to prevent being injured (Little v. Third Ave. R. Co., supra); and this, the record before us shows, he did not do. It follows, therefore, that the court erred in denying defendant's motion made at the close of plaintiff's case, and renewed at the close of the whole case, to dismiss the complaint, and the exceptions to such rulings were well taken. It is also urged that the trial court erred in charging the jury, but it seems unnecessary to discuss the exceptions taken in this respect, inasmuch as upon a new trial the same questions may not again be presented.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs.

LAUGHLIN, J. I concur in result, being of opinion that the questions were for the jury, but that the verdict is against the weight of the evidence.

PATTERSON, J., dissents.

_____

(89 App. Div. 10.)

THOMPSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. PERSONAL INJURIES—ACTIONS FOR—NEGLIGENCE—CONTRIBUTORY NEGLI-
     GENCE.
          To warrant a recovery in an action for wrongful death, defendant's negligence and intestate's freedom from contributory negligence must be shown.
2. SAME—STREET RAILWAYS—INJURIES TO PERSONS ON TRACK.
          When defendant's rapidly approaching street car was within 8 or 10 feet of where plaintiff's intestate stood, it slowed up, and intestate, who had seen it approaching, proceeded to cross the track, and was struck by the car, the speed of which had been again increased. _Held_ contributory negligence on intestate's part, precluding recovery.
3. SAME—FAILURE TO SIGNAL—MATERIALITY
          Intestate having seen the car, it was immaterial whether or not a signal of its approach was given.

¶ 1. See Negligence, vol. 37, Cent. Dig. §§ 224, 229.

**4. SAME—CARE REQUIRED IN OPERATION OF ROAD—DUTY OF PERSON CROSSING TRACK—RELIANCE ON CAR'S SLOWING UP.**

While it is the duty of a street car motorman to have the car under reasonable control on approaching a street crossing, a pedestrian has no right to assume that, because a car has slowed up, it will stop, or its speed be so controlled as to give him time to cross the track in safety.

O'Brien, J., dissenting.

Appeal from Trial Term, New York County.

Action by Sarah D. Thompson, as administratrix, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Abram J. Rose, for respondent.

McLAUGHLIN, J. The plaintiff, as the administratrix of Virgil D. Thompson, deceased, brought this action to recover the damages alleged to have been sustained by his widow and next of kin on account of his death, upon the ground that the same was caused solely by the negligence of the defendant. She had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, defendant has appealed.

At the trial it appeared (and the facts were uncontradicted) that the intestate, about 4 o'clock in the afternoon on the 11th day of July, 1901, attempted to cross diagonally from the southwest to the easterly side of Broadway, at its intersection with Eighth street, and in doing so was struck by one of the defendant's north-bound cars, and received injuries from which he died two days later. Only two witnesses (Coffin and Courtney) were produced who testified as to how the accident occurred. From their testimony, which is uncontradicted, it appears that the intestate obtained a transfer from a transfer agent who was stationed at the southwest corner of Broadway and Eighth street, and then started to cross Broadway in a diagonal direction. The defendant at this point has two tracks on Broadway—the one on the westerly side being used for cars going in a southerly, and the one on the easterly side for cars going in a northerly, direction; the space between the two tracks being 4½ feet. When the intestate reached this space he stopped and looked in a southerly direction, and there was then approaching on the north-bound tracks a car 8 or 10 feet from him. The car was approaching rapidly, but at this point it "slowed up," and as it "slowed up" the intestate proceeded. The speed of the car was again increased, and just as the intestate was about to step upon the track he was struck by the side or front end of the car, knocked down, and received the injuries which resulted in his death. It did not appear that he paid any attention to the car after it "slowed up," but proceeded to cross; probably assuming that, because it had slowed up, it would come to a stop, and he could cross the street in safety. This being the condition of the evidence at the close of

plaintiff's case and at the close of the trial, we think the defendant's motions to dismiss the complaint should have been granted, and the exceptions taken to the denial of such motions necessitate a reversal of the judgment.

The plaintiff, of course, was not entitled to recover unless she produced evidence sufficient to sustain a finding of the jury that the injuries to her intestate were due to the negligence of the defendant, and that his negligence did not contribute thereto. This she failed to do. Lynch v. Third Ave. R. Co. (decided herewith) 85 N. Y. Supp. 180; Little v. Third Ave. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55; Jackson v. Union Ry. Co., 77 App. Div. 161, 78 N. Y. Supp. 1096; Johnson v. Third Ave. R. Co., 69 App. Div. 247, 74 N. Y. Supp. 599.

Whether or not a signal of the approach of the car was given is of no importance, because the evidence is conclusive upon the point that the intestate saw the car. He "looked at the car," and must have known that it was approaching, because it was then only 8 or 10 feet from him. Nor is there any force in the suggestion that he had a right to assume, because the car had commenced to slow up, that it would be so controlled that he could cross the street in safety. It was the duty of the motorman as the car approached the crossing to have it under reasonable control. Hoyt v. Metropolitan St. Ry. Co., 73 App. Div. 249, 76 N. Y. Supp. 832. But this did not give the intestate the right to assume that it would come to a stop, or that its speed would be so controlled as to give him time to pass over the tracks without being injured. He had no more right to indulge in this assumption, under the facts set out in the record, than the motorman had to indulge in the assumption that the intestate would keep out of the way of the car. The intestate, of course, was as much obligated to look out for his own safety as the defendant was to prevent his being injured. The obligation resting upon each was mutual in this respect. Both had an equal right to the use of the street at this point, and while it was the duty of the defendant to move its car with care, to the end that the intestate would not be injured, he was also required to exercise the same care to prevent being injured. We are of the opinion that the record failed to establish the negligence of the defendant, or the intestate's freedom from negligence.

We have examined the other questions raised, but do not deem them of sufficient importance to be here considered.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur, except O'BRIEN, J., who dissents.