(91 App. Div. 162.)

## CARR v. MERCHANTS' ICE CO.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. NEGLIGENCE—INFANT NON SUI JURIS.
   A child two years, two months, and six days old is non sui juris.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   A child non sui juris is not chargeable with contributory negligence in a statutory action for the negligent killing thereof.

3. SAME—INSTRUCTION—ERROR.
   In an action against defendant for the death of a child who was run over by defendant's wagon in the street, an instruction that, as a matter of law, the child was non sui juris, and that, if the mother was negligent in leaving the child upon the street, the negligence was imputable to the child, and also that, if the child exercised the degree of care required of a person of its discretion, then the negligence of the mother was immaterial, was erroneous, as not applicable to the facts in the case, where, under the evidence, if the child had been an adult she would have been chargeable with contributory negligence as a matter of law.

Appeal from Trial Term, New York County.

Action by Mary Carr, administratrix of the estate of Hazel Carr, deceased, against the Merchants' Ice Company. From a judgment for plaintiff, and an order denying motion for new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Franklin Pierce, for appellant.
George B. Hayes, for respondent.

¶ 2. See Negligence, vol. 37, Cent. Dig. § 124.

LAUGHLIN, J.   This is a statutory action to recover for the death of Hazel Carr, an infant two years, two months, and six days old, alleged to have been caused by the negligence of the driver of one of defendant's ice wagons.   On the afternoon of the 31st day of July, 1902, the mother of decedent was at the street door of No. 342 West Thirty-Sixth street, where she resided with her daughter Ella, who was a little over four years of age, and the decedent.   Ella asked her mother for something to eat, and the mother, according to her testimony, after directing Hazel to sit down, and Ella to sit down and keep Hazel by her side, went upstairs for the purpose of getting bread for Ella, and was gone about three minutes.   The evidence shows that in the meantime Hazel, in answer to a call, crossed to the opposite sidewalk, where other children were playing.   At this time defendant's wagon was coming along the street from the east with the horses on a "jog" or "dog trot."   There was evidence tending to show that the driver was engaged in conversation with his helper, and not looking ahead or paying attention to where he was driving, although children were playing in the carriageway ahead. The evidence tended to show that the course of the wagon was from one to five feet from the northerly curb, and that, as the horses were passing opposite the decedent, who was on the northerly sidewalk, at the edge of the curb, she started back, evidently intending to re-cross the street, and, either in stepping from the curb, or in taking the second step, was struck by the right front leg of the offhorse, or fell between his front and hind legs, or between his hind legs and the front wheel, and was run over and crushed by the right front wheel.

The court properly instructed the jury that, as matter of law, the child was non sui juris, and that, if the mother was negligent in leaving the child upon the street under the circumstances, that negligence was imputable to the child, and would defeat a recovery; but the court further instructed the jury that, if they found "that the child exercised the decree of care and precaution required of a person possessing sufficient discretion and ability to care for its own safety, then the negligence of the mother, if you find from the evidence that there was any, in permitting the child to be on the street, is immaterial, and it is no defense to the action."   Counsel for the defendant duly excepted to this instruction, and requested the court to charge that, if the mother and driver were both negligent, the defendant was entitled to a verdict, and excepted to the refusal of the court to so charge.   The court then remarked, "They might find the child was not guilty of negligence, and in that case the plaintiff would be entitled to recover, irrespective of the negligence of the mother," and to this the defendant also excepted.   The proposition of law involved in the first of these instructions is correct, as an abstract proposition.   McGarry v. Loomis, 63 N. Y. 105, 20 Am. Rep. 510; Cumming v. Brooklyn City Ry. Co., 104 N. Y. 669, 10 N. E. 855; Lafferty v. Third Ave. Ry. Co., 85 App. Div. 592, 83 N. Y. Supp. 405, affirmed 177 N. Y. ——, 68 N. E. 1118.   We are of opinion, however, that this rule of law was not applicable to the facts of the case at bar.   The theory of that rule is that where the child, if he had been an adult, would be free from contributory negligence, or, in other words, if

86 N.Y.S.—24

the child neither did nor omitted to do anything that contributed to the injuries, then the negligence of the mother is immaterial, for it could not be said to be a proximate cause of the accident, which in such case would be due solely to the negligence of the defendant. Here, however, if the child had been an adult, she would have been chargeable with contributory negligence, as matter of law.

The second instruction excepted to was also erroneous and misleading. It indicated that the jury were to consider whether the child was negligent. This was not a subject for the consideration of the jury. The child, being non sui juris, could not be chargeable with personal negligence. If it appeared that she had been run down under circumstances that would permit a recovery by an adult, then her acts or omissions did not contribute to the accident, as a proximate cause, and they became immaterial, as does, also, any negligence on the part of the absent mother. Lafferty v. Met. St. Ry. Co., supra. But as has been seen, this was not a case for the application of that rule. It follows, therefore, that these exceptions were well taken, and they require a reversal of the judgment.

. . The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.