## TOOHEY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

   In an action against a street car company for injuries at a crossing, where plaintiff testified that he did not see the car, an instruction that "a pedestrian seeing a car approaching at what to him seems to be a safe distance to allow him to cross has the right to assume that the car will be controlled and the speed slackened" is not germane.

2. STREET RAILROADS—RIGHTS OF PEDESTRIAN AT CROSSING.

   A pedestrian about to cross a street car track, who sees a car approaching at what to him seems to be a safe distance to allow him to cross, has no right to assume, of course, that the car will be controlled and the speed slackened.

   [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 197, 207.]

3. MOTION FOR NEW TRIAL—EXCEPTIONS TO RULING.

   An exception to an order denying a motion on the minutes for a new trial is not essential to a review on appeal.

Appeal from Westchester County Court.

Action for personal injuries by Michael Toohey against the Interurban Street Railway Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Bayard H. Ames (F. Angelo Gaynor, on the brief), for appellant.
Frank M. Hardenbrook, for respondent.

JENKS, J. The judgment and order must be reversed for an erroneous instruction. The plaintiff, while crossing a city street, was struck and injured by a car of the defendant. The court charged, under exception, "that a pedestrian seeing a car approaching at what to him seems to be a safe distance to allow him to cross has the right to assume that the car will be controlled and the speed slackened up, of course." As the plaintiff testifies that he never saw the car, this instruction was not germane, and was error. MacGowan v. Duff, 12 N. Y. St. Rep. 680, and cases cited; Schwartzman v. Brooklyn Heights Railroad Co., 84 App. Div. 608, 82 N. Y. Supp. 890; Carr v. Merchants' Union Ice Co., 91 App. Div. 162, 86 N. Y. Supp. 368. Further, the care due from the pedestrian is not his care, but the care of an ordinarily prudent man of the same age under the same or like circumstances. If the pedestrian who acted upon his own mental conclusions as to the safety of his course thereby discharged his legal obligation, he would always be without fault. See McDonald v. Metropolitan Street R. Co., 75 App. Div. 559, 78 N. Y. Supp. 284. Still further, a pedestrian who sees a car approaching at what to him seems to be a safe distance to allow him to cross has not "the right to assume that the car will be controlled and the speed slackened up, of course." Thompson v. Metropolitan Street R. Co., 89 App. Div. 10, 85 N. Y. Supp. 181. In determination of the safety of his crossing the pedestrian may assume, if in the exercise of due care he attempt it, that as to taking notice of his attempt and as to the control and management of the car, the driver or motorman will exercise the care of an ordinarily prudent and skillful driver or motorman under the same or similar circumstances at the same or a similar place. If the instruction requested had been pertinent, the learned county judge had theretofore satisfactorily charged the law, and his subsequent error in charging upon the request may be attributed to his inadvertence, rather than an intentional mistaking of the law.

The defendant made a motion for a new trial on the minutes, which was denied, and the defendant has appealed both from the judgment and from the order denying that motion. It is insisted that exception to a denial of such a motion is essential. I think not. In Boos v. World Mutual Life Ins. Co., 64 N. Y. 236, 242, Rapallo, J., says:

"On trials by jury the only subjects for exceptions are rulings at the trial. The motion for a new trial is a proceeding subsequent to the trial, and the order made on such motion is reviewable only by appeal."

See, too, Matthews v. Meyberg, 63 N. Y. 656; Baylies' New Trials and Appeals, 397, cited in Alden v. Knights of Maccabees, 178 N. Y. 535, at page 542, 71 N. E. 104, at page 106.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur; HOOKER, J., not voting.