MICHAEL TOOHEY, Respondent, *v.* INTERURBAN STREET RAILWAY COMPANY, Appellant.

*Negligence — injury to a pedestrian from being struck by a street car — care required of the pedestrian — care required of the motorman — an exception is not necessary to the review of an order denying a motion for a new trial — exceptions are properly confined to rulings on the trial.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, in consequence of being struck by one of the defendant's street cars while crossing a city street, it is improper, where the plaintiff testifies that he never saw the car, for the court to charge, "that a pedestrian seeing a car approaching to what to him seems to be a safe distance to allow him to cross has the right to assume that the car will be controlled and the speed slackened up, of course."

Such charge is erroneous for the reasons:

*First.* That the instruction is not germane;

*Second,* that the care due from the pedestrian is not his care, but the care of an ordinarily prudent man of the same age under the same or like circumstances; and

*Third,* that a pedestrian who sees a car approaching at what seems to him a safe distance to allow him to cross has not "the right to assume that the car will be controlled and the speed slackened up, of course," but simply to assume that the driver or motorman will exercise the care of an ordinarily prudent and

skillful driver or motorman under the same or similar circumstance at the same or a similar place.

An exception to the denial of a motion made by a defendant for a new trial upon the minutes, after the jury·has rendered a verdict in favor of the plaintiff, is not essential to the right of the defendant to review on appeal the order denying such motion.

*Semble,* that the only proper subjects of exceptions are rulings at the trial.

APPEAL by the defendant, the Interurban Street Railway Company, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 18th day of February, 1904, upon the verdict of a jury for $400, and also from an order entered in said clerk's office on the 22d day of March, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Bayard H. Ames* [*F. Angelo Gaynor* and *Henry A. Robinson* with him on the brief], for the appellant.

*Frank M. Hardenbrook,* for the respondent.

JENKS, J.:

The judgment and order must be reversed for an erroneous instruction. The plaintiff while crossing a city street was struck and injured by a car of the defendant. The court charged, under exception, " that a pedestrian seeing a car approaching to what to him seems to be a safe distance to allow him to cross has the right to assume that the car will be controlled and the speed slackened up, of course." As the plaintiff testifies that he never saw the car, this instruction was not germane, and was error. (*MacGowan* v. *Duff,* 12 N. Y. St. Repr. 680, and cases cited; *Schwartzman* v. *Brooklyn Heights Railroad Co.,* 84 App. Div. 608; *Carr* v. *Merchants' Union Ice Co.,* 91 id. 162.)

Further, the care due from the pedestrian is not his care, but the care of an ordinarily prudent man of the same age under the same or like circumstances. If the pedestrian who acted upon his own mental conclusions as to the safety of his course thereby discharged his legal obligation, he would always be without fault. (See *McDonald* v. *Metropolitan Street R. Co.,* 75 App. Div. 559.)

Still further, a pedestrian who sees a car approaching at what to him seems to be a safe distance to allow him to cross, has not " the right to assume that the car will be controlled and the speed slack-

ened up, of course." (*Thompson* v. *Metropolitan Street R. Co.*, 89 App. Div. 10.)  In determination of the safety of his crossing the pedestrian may assume, if in the exercise of due care he attempt it, that as to taking notice of his attempt and as to the control and management of the car, the driver or motorman will exercise the care of an ordinarily prudent and skillful driver or motorman, under the same or similar circumstances at the same or a similar place.  If the instruction requested had been pertinent, the learned county judge had theretofore satisfactorily charged the law, and his subsequent error in charging upon the request may be attributed to his inadvertence, rather than an intentional mistaking of the law.

The defendant made a motion for a new trial on the minutes, which was denied, and the defendant has appealed both from the judgment and from the order denying that motion.  It is insisted that exception to a denial of such a motion is essential.  I think not. In *Boos* v. *World Mutual Life Ins. Co.* (64 N. Y. 236, 242) RAPALLO, J., says: " On trials by jury the only subjects for exceptions are rulings at the trial.  The motion for a new trial is a proceeding subsequent to the trial, and the order made on such motion is reviewable only by appeal."  (See, too, *Matthews* v. *Meyberg*, 63 N. Y. 656, cited in *Alden* v. *Knights of Maccabees*, 178 N. Y. 535, 542; Baylies New Tr. & Ap. [2d ed.] 397.)

The judgment and order should be reversed.

BARTLETT, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Judgment and order reversed and new trial granted, costs to abide the event.