(108 App. Div. 14.)

### FRANCO v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 12, 1905.)

1. STREET RAILROADS—OPERATION—PERSONAL INJURIES—QUESTION FOR JURY.
   In an action for injuries caused by being struck by a street car, evidence that the father of the plaintiff, then an infant one year old, before going on the track, observed that the car had stopped at a distance of 35 or 40 feet, and that as he stepped on the track the motorman quickened the speed of the car, so that it struck him as he was on the last rail, presented a case for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   It was not contributory negligence as a matter of law for one to attempt to pass in front of a street car 35 or 40 feet distant, unless the velocity of the car was such as to indicate to a prudent person that there was danger in doing so.
   [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 207, 257.]

Appeal from Trial Term, Kings County.

Action by Maria Franco, by her guardian ad litem, Rocco Franco, against the Brooklyn Heights Railroad Company. From a judgment for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed.

Argued before BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Nelson L. Keach, for appellant.
I. R. Oeland, for respondent.

PER CURIAM. This is an action for negligence. The plaintiff, at that time an infant one year of age, was being carried by her father across Fifteenth street in the borough of Brooklyn, on the 21st day of April, 1903, when the father was knocked down by one of the defendant's electric cars, and both parent and child were injured. At the close of the trial the defendant moved to dismiss the complaint, and the decision of the motion was reserved. The court then submitted the case to the jury, the jury retired, and a recess was taken. After recess the jury returned, having failed to agree, whereupon the learned trial judge directed a verdict for the defendant.

We think that the evidence made a case for the jury, and that it was error to direct a verdict. This is manifest from the statement of the testimony of the plaintiff's father set out in the brief of counsel for the respondent. That statement is jusified by the record, and the material portion thereof is as follows:

"Rocco Franco testified for the plaintiff that he was carrying his child, a baby one year old, on Fifteenth street, at its intersection with Third avenue, on the 21st day of April, 1903; that he came out of a shoe store and started towards Fourteenth street, and when he came to the curbstone on Fifteenth street he looked to see where the cars were on Fifteenth street. He saw a car that was on Fifteenth street stop at the lower corner coming from Hamilton Ferry. Witness was walking on the upper side of Fifteenth street when the car was stopped at the lower side. He went as far as the first rail, and the car was then about 35 or 40 feet distant from him, and he tried to go on the other side; but the car reached him before he left the second rail, because the motorman quickened the velocity of the car. When he was in the center of the track he saw the motorman giving more power and the car came rapidly on him. When the car struck him he was on the last rail of the track. The car dragged him about 14 feet. He had the baby, the plaintiff, in his right arm, and the child fell with him."

There was other testimony in favor of the plaintiff to the effect that just before the father and child reached the track the motorman put on the power so that the car "went like lightning."

The learned trial judge properly instructed the jury, in substance, that they could find for the plaintiff if the accident occurred in the manner testified by the father. We think that this view was correct. It was not contributory negligence, as matter of law, to attempt to pass in front of a car 35 or 40 feet distant at the time when the witness reached the first rail, unless the velocity of the car was such as to indicate to a prudent person that there was danger in doing so. The evidence indicates that the car was at a standstill when the plaintiff's father started to cross the street, and that its speed was not increased to a dangerous rate until just before it reached him. The case is different from Lynch v. Third Avenue R. R. Co., 88 App. Div. 604, 85 N. Y. Supp. 180, where it did not appear that the plaintiff exercised any care to see where the car was after he started to cross the street, but walked heedlessly upon the track. Here the testimony of the father as to the increase in the velocity of the car shows that he must have been observing its approach. Nor is Thompson v. Metropolitan Street R. Co., 89 App. Div. 10, 85 N. Y. Supp. 181, an authority for the disposition which was made of the present case. There the car which struck the plaintiff's intestate was only 8 or 10 feet distant when he stepped upon the track.

We think the plaintiff is plainly entitled to a reversal of the judgment.

Judgment and order reversed, and new trial granted; costs to abide the event.