(117 App. Div. 314)

### KERIN v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

STREET RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DANGER.

     Plaintiff was riding near the defendant's track in a one-horse open grocery wagon driven by his servant, when the wagon was struck by the car of defendant and he was injured. *Held* error to refuse to instruct the jury that, if the servant saw the car approaching, the question of the warning given by the motorman was unimportant.

     Smith, J., dissenting.

Appeal from Rensselaer County Court.

Action by William C. Kerin against the United Traction Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

Argued before SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

P. C. Dugan, for appellant.

James V. Coffey, for respondent.

CHESTER, J. The action was for negligence. The case was submitted to the jury by the court under the rule of law that, notwithstanding negligence upon the part of the plaintiff, he might nevertheless recover if the defendant, after such negligence occurred, knew it, or could by the exercise of ordinary care have discerned it, in time to have avoided the infliction of the injury. The plaintiff was riding

near the defendant's track in a one-horse open grocery wagon driven by one Barringer, a servant of his, when both were injured by a car operated by the defendant running into their wagon at the rear and throwing them from their seat. The accident happened in broad daylight on a straight, level street. The car had followed the wagon for a distance of about 600 feet before the collision occurred. There was a sharp conflict in the evidence as to whether or not the motorman sounded his gong as a warning to the plaintiff's driver, and there was evidence that he saw that the car was approaching from the rear.

The court charged the jury, without exception, that Barringer was the agent of the plaintiff, and that, if he saw the approaching car, his knowledge was imputable to the plaintiff. But the court refused to charge, at the request of defendant's counsel, that, if the jury find that Barringer saw the car approaching, then it was unimportant if the bell was not sounded. The failure to charge as requested in this respect was error, as the only object of sounding the bell was to give a warning of the approach of the car, and, if Barringer saw the car approaching, no warning was necessary. Thompson v. Met. St. Ry. Co., 89 App. Div. 10, at page 12, 85 N. Y. Supp. 181, at page 182. We cannot say that the jury was not misled to the prejudice of the defendant by this failure to charge, and think that there must be a new trial.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

COCHRANE, J., concurs. KELLOGG, J., concurs in result. SMITH, J., dissents.