(83 Misc. Rep. 3.)

SCHNEIDER v. LOCOMOBILE CO. OF AMERICA.

(Supreme Court, Appellate Term, First Department.   December 4, 1913.)

1. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—QUESTION OF LAW OR
    FACT.
        A finding of contributory negligence as a matter of law must necessarily depend on its being perfectly evident that plaintiff was negligent, which question must be decided on the circumstances of the case.
        [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—STREETS—INJURIES TO PEDESTRIANS—
    CONTRIBUTORY NEGLIGENCE.
        Plaintiff was about to cross an avenue at a crosswalk when she noticed defendant's automobile about half a block (100 feet) away.   When she arrived at the nearest car track a car was approaching, which she al-

lowed to pass, and was struck in the back, apparently by the left mud guard of the automobile. *Held*, that plaintiff was not guilty of contributory negligence as a matter of law in leaving the curb and attempting to cross the street in front of the approaching automobile.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Yetta Schneider, an infant, by Sarah Schneider, her guardian ad litem, against the Locomobile Company of America. From a Municipal Court judgment in favor of defendant, dismissing the complaint at the close of plaintiff's case, she appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Abraham B. Brenner, of New York City (Charles S. Rosenthal, of New York City, of counsel), for appellant.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued for personal injuries sustained through being struck by defendant's automobile. She was about to cross Amsterdam avenue from east to west at the crosswalk at Sixty-Second street when she noticed defendant's automobile about half a block away. When she arrived near the north-bound car track, a car was approaching, which she allowed to pass her, and was struck in the back, apparently by the left mud guard of the automobile.

One of her witnesses said she appeared to step backward, but on the whole the testimony of her witnesses was to the effect that she was without fault unless—and this is the theory on which the dismissal is sought to be sustained—it was contributory negligence for her to step off the curb and try to cross the street at a time when defendant's automobile was approaching her on her side of the street about one-half block (namely, 100 feet) away.

[1, 2] The finding of contributory negligence, as matter of law, must necessarily depend upon its being perfectly evident that the plaintiff was negligent, and this question again must be decided upon the circumstances of the case. As is well said in Belton v. Baxter, 54 N. Y. 245, 13 Am. Rep. 578, it is not a question of "abstract legal propositions." Where a person starts from a position, and continues walking in a direction and at a rate which usually and perhaps necessarily requires him to progress on a converging line with an approaching vehicle, it may be that he is negligent, and that his negligence has contributed to the accident. That, however, is far from determining that a person may not, with perfect propriety and in the exercise of reasonable care, proceed to cross a street when an automobile is approaching on his side of the street 100 feet away. Such conduct does not seem to me by any means to involve "nice calculations," which in Belton v. Baxter, supra, the court held to be taken at the plaintiff's risk. To

say the least, the question of contributory negligence in such a case should be determined by the jury.

Perez v. Sandrowitz, 180 N. Y. 397, 73 N. E. 228, is entirely inapplicable, because the point upon which that case was decided was that there was no evidence whatsoever that plaintiff had looked or was at all observant. Thompson v. Met. St. Ry. Co., 89 App. Div. 10, 85 N. Y. Supp. 181, differs materially from the case at bar, in that the plaintiff there stepped in front of a car which was but 8 or 10 feet away from him.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.