**192**

ANNIE ROTHFELD, Respondent, *v.* JOHN CLERKIN, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Negligence — action to recover for personal injuries — crossing city streets — evidence — pleading — when verdict in favor of plaintiff affirmed.

> While a pedestrian should so use her eyes in crossing a city street as to protect herself from danger, yet having so done and miscalculated the danger she may still be free from fault.
>
> Where in an action to recover for personal injuries it appears that as plaintiff, an elderly woman, in broad daylight set out to cross a street a heavy motor truck approaching, then fifty feet away, kept right on and knocked her down at the street crossing, and the proof is that the driver of the truck could have avoided the accident, and the complaint is based upon the careless operation and management of the truck and failure to keep it under reasonable control, a verdict in favor of plaintiff will be affirmed.'
>
> BIJUR, J., dissents.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, after a trial by court without a jury.

Herrick C. Allen (Fred H. Rees, of counsel), for appellant.

Charles S. Rosenthal, for respondent.

SHEARN, J. It is contended that the plaintiff, an elderly woman who was knocked down by a heavy motor truck at a street crossing, was guilty of contributory negligence as a matter of law and that the

complaint should have been dismissed at the conclusion of plaintiff's case. Plaintiff, at midday, accompanied by her nine-year-old daughter, was walking east on Delancey street in the borough of Manhattan and came to Allen street, which runs north and south. It was necessary for her to cross Allen street to reach her destination. At the northwest corner of Delancey and Allen streets, plaintiff testified that she looked *uptown* and saw defendant's motor truck coming downtown "fast;" that she proceeded to cross and when she had walked out two or three steps from the curb she was struck and knocked down. The other testimony in behalf of the plaintiff was to the same effect.

Of course it might well have been found by a jury that the plaintiff in attempting to cross the street, even at a regular crossing, when a motor truck, going "fast," was approaching at a distance of only two houses, say fifty feet, away, was guilty of contributory negligence as a matter of fact. But the question is whether the plaintiff was guilty of contributory negligence as a matter of law. It has been very pointedly stated by the Court of Appeals, and I think it is generally understood by the bar, that in these street crossing cases the question of the pedestrian's contributory negligence is generally one of fact. Of course there are certain extreme cases where a pedestrian steps directly in front of a vehicle and in effect runs into it, in which the court is justified in determining the question of the pedestrian's negligence as a matter of law. These cases, however, are rare. The rule governing the obligation of pedestrians in crossing city streets was recently stated by Judge Cardozo in the case of *Knapp* v. *Barrett,* 216 N. Y. 226, 230, as follows: "A wayfarer is not at liberty to close his eyes in crossing a city street. His duty is to use his eyes,

13

and thus protect himself from danger. (*Barker v. Savage,* 45 N. Y. 191.)   The law does not say how often he must look, or precisely how far, or when or from where. If, for example, he looks as he starts to cross, and the way seems clear, he is not bound as a matter of law to look again. The law does not even say that because he sees a wagon approaching he must stop till it has passed. He may go forward unless it is close upon him; and whether he is negligent in going forward, will be a question for the jury. If he has used his eyes, and has miscalculated the danger, he may still be free from fault.''

It is carefully calculated in the dissenting opinion that *if* the motor truck was traveling at the rate of twelve miles an hour, that would be over seventeen feet a second, and that means that the motor truck would have traversed the fifty feet in three seconds, making a collision inevitable. Passing the point that there is nothing upon which to base the assumption that the speed of the truck was twelve miles an hour, this line of reasoning assumes that this elderly woman would have made or should have made these or similar elaborate calculations if she had been prudent and that she recklessly invited the collision. It is one thing for an appellate court, long after the event, and remote from the scene, to make these calculations and thus measure the likelihood of a collision, and quite another thing for the pedestrian, under the actual circumstances of a given case, to measure the danger with the aid only of experience and individual judgment. Many elements enter into the question of good or bad judgment under the circumstances of such a case. Even if the pedestrian is able to make these mathematical calculations involving speed, time and distance, the pedestrian is also permitted to take into consideration the fact that motor vehicles, even if

going "fast," can be very quickly stopped; and also that it is the duty of drivers of motor vehicles approaching street crossings to have their vehicles under reasonable control, and that they must, if possible, avoid running down pedestrians who are in plain view and rightfully on the crossing. When a motor truck is fifty feet above a street crossing at the moment a pedestrian sets out to cross the street in broad daylight, I cannot see any justification for treating the question of contributory negligence as one of law instead of fact. Treating the question as one of fact, the record discloses no reason why the jury's finding should be set aside, either on the issue of contributory negligence or of the defendant's negligence.

This brings us to the question whether, accepting the version testified to by the plaintiff and her witnesses, there is any evidence of negligence on the part of the defendant. I agree that no cause of action is established by mere testimony that the motor truck was going "fast," and it would seem unnecessary to state that this is not a case where the doctrine of *res ipsa loquitur* applies. The complaint is not based upon any allegation of illegal or excessive speed, but upon a careless operation and management of the motor truck and failure to keep it under reasonable control as it approached a street crossing.

The theory and claim of plaintiff is that, although she was in plain view and manifested her intention of crossing when the truck was fifty feet away, it kept right on and knocked her down. Keeping in mind the obligation of the truck driver to have his truck under reasonable control as he approached the crossing and his duty to avoid unnecessarily running down persons lawfully on the crossing, where the proof shows the width of the street and the distance of the truck from

the crossing when plaintiff started across, and thus shows the opportunity that was open to the truck driver to avoid running plaintiff down, an entirely sufficient legal basis is laid for the inference of negligence consisting of the omission or neglect to perform the obligation above stated.

Judgment affirmed, with twenty-five dollars costs.

GUY, J., concurs.

BIJUR, J. (dissenting). Plaintiff was injured according to her own testimony under the following circumstances:

When about to cross Allen street, which runs north and south, standing on the northwest corner of the intersection of that street and Delancey, she noticed defendant's automobile truck coming southward about " two houses " away, as described by plaintiff, or forty or fifty feet, as indicated by one of her witnesses. It was a few " steps " from the west curb. Allen street is about twenty-five feet in width.. She says the machine was coming " fast;" her witness says that it was coming " too fast." She then started to cross the street and was struck by the machine and slightly injured, though not run over. The machine stopped at once after the accident.

Although plaintiff testifies that it was coming fast — if it was proceeding even at the moderate speed (well within the lawful limit) of say twelve miles an hour, that would be over seventeen feet a second. It would, therefore, require but three seconds to traverse the intervening fifty feet. It needs but a moment's consideration to realize that during this minute space of time defendant could not have become conscious of plaintiff's intention to cross in front of him and at the same time check the progress of the

car sufficiently to avoid a collision. It is quite apparent that plaintiff deliberately walked in front of the machine. Her contributory negligence thus disclosed is accentuated by her own testimony and that of her witness that the machine was proceeding " fast " or " too fast," which fact she and her witness no doubt emphasized in order to impute some fault to defendant. Indeed it is the only suggestion of negligence contained in the record. According to *this* contention, she voluntarily placed herself in a position where any sane person must have realized that nothing but a miracle could have saved her. Her testimony that the defendant sounded no horn or other warning is immaterial since she saw the machine plainly and observed its course. *Kleiner* v. *Third Ave. R. R. Co.*, 162 N. Y. 193.

Few cases in which contributory negligence has been held to be present as matter of law present a state of facts so conclusive of the existence of that element as the one at bar. See *McEntee* v. *Metropolitan St. R. Co.*, 110 App. Div. 673; *Margulies* v. *Interurban St. R. Co.*, 116 id. 157; *Thompson* v. *Metropolitan St. R. Co.*, 89 id. 10; *McAuliffe* v. *New York City R. Co.*, 122 id. 633.

The case of *Schneider* v. *Locomobile Co. of America*, 83 Misc. Rep. 3, cited by respondent, is entirely inapplicable since the distance between plaintiff and the automobile when plaintiff there stepped from the curb was 100 feet, a difference of degree which becomes, when the question of contributory negligence is concerned, a difference in substance of the most pointed character.

Moreover, I can find nothing in the record to support a finding of negligence on the part of the defendant. The statement that defendant was proceeding " fast " or " too fast " furnishes no ground for

determining what the actual speed was, and, of course, none for drawing the conclusion that it was an unsafe speed under the circumstances (*i. e.,* the condition of traffic on the street at the time), for there is no testimony as to these circumstances. Of course, the mere happening of the accident is no proof of defendant's negligence.

In the prevailing opinion it is argued that plaintiff cannot be charged with the duty of making the mathematical calculation which I have suggested to demonstrate the closeness of approach of the vehicle. The point involved, however, is not the making of a mathematical calculation, but rather the duty of plaintiff to exercise reasonable care. A pedestrian crossing the street is chargeable with common knowledge possessed by every person of reasonable intelligence, and consequently chargeable with appreciation of the patent fact that an accident is inevitable if she steps in front of a vehicle which *she claims was moving fast,* and which, even if approaching at a rate which is not ordinarily denominated fast, would obviously overtake her within a few seconds.

In regard to the question whether any negligence on the part of defendant has been proved, I cannot find in the complaint anything to indicate that the negligence (there generally alleged) is claimed to be based on "failure to keep the car under reasonable control as it approached the street crossing." But even if it were, that general language would cover a case of excessive speed, of inattention to duty on the part of the chauffeur, or, for that matter, his drunkenness or bad judgment in turning, or possibly even defective machinery on the car. Moreover, whatever may be said of the complaint, there is not a scintilla of *evidence* to indicate even now what plaintiff claims

was the particular negligence with which defendant is supposed to be charged.

In the prevailing opinion it is said: " The claim of plaintiff is that, although she was in plain view and manifested her intention of crossing when the truck was fifty feet away, it kept right on and knocked her down." The same statement might be made if the truck had been only ten feet away, or, for that matter, two feet away. I concede " The obligation of the truck driver to have his truck under reasonable control as he approached the crossing," etc., but there is nothing in the evidence to indicate that he did not have it under reasonable control. A finding to that effect would have to be based on pure speculation. As I analyze the testimony, I cannot see how a finding of negligence on defendant's part can be predicated on other than the disclaimed theory that the mere happening of an accident is proof of defendant's negligence.

The judgment should be reversed, with thirty dollars costs, and complaint dismissed, with costs to appellant.

Judgment affirmed, with costs.